Deaderick, J.,
delivered tbe opinion of tbe Court.
On tbe 29tb of September, 1865, suit was brought by plaintiff against defendant upon a policy of Insurance against loss by fire, issued on tbe 21st of October, 1860, running to 21st of October, 1861. Tbe articles insured were household and kitchen furniture, and a second policy of tbe same date was taken by tbe plaintiff on beer, wines, etc. Tbe declaration alleges that these articles were consumed by fire on tbe 12th of May, 1861. To tbe original declaration numerous pleas were filed, and an amended declaration was filed February 18, 1868. To tbe amended *400 declaration the defendant demurred, and for causes of demurrer set down, 1. That the loss by fire occurred while- the people of Tennessee were at war with the United States. 2. That no valid contract could be entered into with plaintiff to forbear to sue 3. That the -facts showing how the conditions of policy were complied with, should have been set out. 4. No valid agreement for forbearance to sue was entered into. 5. Suit was not brought within one year, as required by twelve conditions of the policy. 6. The policy was issued by a company resident in the State of Connecticut. The demurrer was sustained and the suit dismissed. In sustaining the demurrer we are of opinion the court erred, as there was no prohibition against a party living in Memphis entering into a contract to forbear to sue with a corporation in Connecticut, either by reason of Federal or State legislature, nor by reason of the relation of Tennessee to the United States at the time of alleged contract to forbear to bring suit; and if the contract to .forbear existed as alleged in the declaration, it constituted a sufficient excuse for not bringing the suit within twelve months.
The right to recover is sufficiently alleged in the declaration, and whether there was a valid agreement to forbear, is a question of fact to be shown by the evidence in the. cause. Such an agreement' is sufficiently alleged in the declaration. The judgment of the court below will be reversed, and the cause will be remanded, with leave to the defendant to plead, and for further proceedings.